UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| TARA BOOTHE and JUTTA MAYLAND on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAUPHINS, LLC and ALOHA HOSPITALITY INTERNATIONAL, INC. d/b/a DAUPHINS, and ROBERT BAUMHOWER<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Tara Boothe and Jutta Mayland bring this collective action complaint on behalf of themselves individually and others similarly situated to recover unpaid minimum wages and overtime compensation under federal law from Defendants Dauphins, LLC, Aloha Hospitality International, Inc. d/b/a Dauphins, and Robert Baumhower (collectively, "Defendants").

**I.      INTRODUCTION**

1.     This is a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to recover unpaid minimum wages and overtime compensation on behalf of servers who have worked for Defendants at their Dauphins restaurant located at 107 St. Francis St., Suite 3400, Mobile, AL 36602 ("Dauphins").

2.     Under Section 203(m) of the FLSA, an employer may use a portion of its tipped employees' earned tips (not to exceed the federal minimum wage minus $2.13 per hour) to meet its minimum wage obligations ("tip credit") *if* (1) it provides its tipped employees with notice of

the tip credit provisions of the FLSA in advance (including notifying them of the applicable tipped minimum wage and the applicable tip credit, *inter alia*) and (2) tipped employees are permitted to retain *all* tips they receive with exception of a valid tip pool among employees who customarily and regularly receive tips. If an employer fails to meet either requirement, the employer may not use the tip credit and must directly pay its employees the full minimum wage for all hours worked.

3.    The term "servers," as used herein, refers to employees of Defendants who serve beverages and/or food directly to customers at Dauphins who have been paid less than the full federal minimum wage.

4.    Pursuant to Section 216(b) of the FLSA, the Named Plaintiffs bring this collective action on behalf of themselves individually and all similarly situated persons employed by Defendants as servers at Dauphins located in Mobile, Alabama during the "Relevant Time Period" (three years prior to the date of filing this Complaint until trial). The Named Plaintiffs seek on behalf of themselves and other similarly situated employees unpaid minimum wages, tips paid to kitchen employees, and overtime compensation, an equal amount of liquidated damages, reasonable attorneys' fees and costs, and all other relief that the Court deems appropriate.

## II.    JURISDICTION AND VENUE

5.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have asserted a claim pursuant to the FLSA.

6.    Venue is proper in this Court because Defendants operate and/or reside in this District and have substantial contacts with this District.

### III.    PARTIES

7.    Plaintiff Tara Boothe ("Boothe) is an adult resident of Mobile, Alabama. Boothe was an employee employed by the Defendants within the meaning of Section 203(e) of the FLSA. From approximately 2016 until October 2018, Boothe worked for Defendants as a server at Dauphins. As a server, Boothe was paid a direct hourly wage that was less than the minimum wage required under federal law, and she was required to pay portions of her tips to kitchen employees, who are not customarily and regularly tipped employees that can be included in a valid tip pool. Boothe was also not informed by Defendants of the tip credit provisions of the FLSA in advance of Defendants taking the tip credit. Furthermore, Boothe was paid less than the full minimum wage to perform pre- and post-shift work, including sweeping floors and dusting artifacts, before the restaurant opened to customers and after it closed to customers. In addition, Boothe was not paid all the overtime compensation owed to her for hours she worked in excess of 40 hours in a work week.

8.    Plaintiff Jutta Mayland ("Mayland") is an adult resident of Mobile, Alabama. Mayland was an employee employed by the Defendants within the meaning of Section 203(e) of the FLSA. From approximately January 16, 2017 until approximately December 2018, Mayland worked for Defendants as a server at Dauphins. As a server, Mayland was paid a direct hourly wage that was less than the minimum wage required under federal law, and she was required to pay portions of her tips to kitchen employees, who are not customarily and regularly tipped employees that can be included in a valid tip pool. Mayland was also not informed by Defendants of the tip credit provisions of the FLSA in advance of Defendants taking the tip credit. Furthermore, Mayland was paid less than the full minimum wage to perform pre- and post-shift work, including sweeping floors and dusting artifacts, before the restaurant opened to

3

customers and after it closed to customers. In addition, Mayland was not paid all the overtime compensation owed to her for hours she worked in excess of 40 hours in a work week.

9. Defendants Dauphins, LLC, Aloha Hospitality International, Inc. d/b/a Dauphins, and Robert Baumhower employed Plaintiffs Boothe and Mayland, and the putative collective action members within the meaning of Section 203 (d) and (g) of the FLSA.

10. Defendants have jointly owned and/or operated Dauphins during the Relevant Time Period.

11. During the Relevant Time Period, Defendants have set policies and working conditions for servers and other hourly employees at Dauphins for matters related to their pay, job duties, schedules, grooming, hiring, firing, and discipline and rules of conduct.

12. During the Relevant Time Period, Defendants have been an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

13. During the Relevant Time Period, Defendants have employed two or more persons, including Plaintiffs, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

14. During the Relevant Time Period, Defendant Baumhower has been directly or indirectly responsible for the day-to-day management and/or operations of Dauphins and has been directly or indirectly responsible for setting the pay policies and wages for all employees, including all servers.

15. During the Relevant Time Period, Defendants have achieved annual gross sales made or business done in excess of $500,000.00 in accordance with § 203(s)(1)A)(ii).

## IV. **FACTUAL ALLEGATIONS**

16. During the Relevant Time Period, Defendants have utilized the tip credit to pay servers an hourly wage rate that is less than the minimum wage required under federal law even though servers do not retain all of their tips and are required to share tips with kitchen employees who are not customarily and regularly tipped employees engaged in direct service to customers.

17. During the Relevant Time Period, Plaintiffs and other servers who worked at Dauphins have not retained all their tips received from customers.  Instead, servers are required to pay a portion of their tips to employees who primarily work in the kitchen performing food preparation work or deliver food to an area called a "server alley" which is outside the view of customers.  The tip-sharing described above has not been free from coercion, has not been outside of any formalized arrangement, and/or has been a condition of the servers' employment.

18. During the Relevant Time Period, Defendants have not been entitled to take the tip credit because Plaintiffs and other servers at Dauphins have not retained all their tips and have been required to pay a portion of their tips to kitchen employees who are not customarily and regularly tipped employees.  As a result, Defendants are required to pay Plaintiffs and other servers the full minimum wage.

19. During the Relevant Time Period, Defendants have failed to inform Plaintiffs and other servers of the tip credit provisions of the FLSA in advance of taking the tip credit, as required by 29 U.S.C. § 203(m).

20. Because of Defendants' failure to inform servers of the tip credit provisions of the FLSA in advance of taking the tip credit, Defendants have failed to satisfy the requirements of

5

29 U.S.C. § 203(m) during the Relevant Time Period and are not eligible to take the tip credit. As a result, Defendants are required to pay Plaintiffs and other servers the full minimum wage pursuant to the FLSA.

21.     During the Relevant Time Period, Defendants paid Plaintiffs and other servers less than the full minimum wage for the performance of non-tip generating janitorial work, such as sweeping floors and dusting artifacts, as well as polishing glasses and silverware, rolling napkins, scooping butters, and setting out ice and teas, among other tasks.  Plaintiffs and other servers regularly spent an hour and a half each shift, which equals more than 20 percent of their hours worked, performing the work described in this paragraph during hours when Dauphins was closed to customers and were paid less than the full minimum wage for this work.

22.     During the Relevant Time Period, Defendants failed to pay Plaintiffs and other servers' overtime compensation for all hours worked over 40 hours in a work week.  Defendants had knowledge that Plaintiffs and other servers were working overtime hours and were not being compensated for all their overtime hours worked.

23.     During the Relevant Time Period, Defendants have willfully engaged in practices that denied Plaintiffs and other servers at Dauphins minimum wages and tips, and overtime compensation under federal law.

24.     Because during the Relevant Time Period other servers at Dauphins have been subjected to the same wrongful pay practices and policies, described herein, Plaintiffs seek to bring this action as a class action.

## V.     COLLECTIVE ACTION ALLEGATIONS

25.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring their FLSA claim on behalf of all similarly situated individuals who have worked as servers at Defendants' restaurant Dauphins

6

located in Mobile, Alabama during the Relevant Liability Period, and who may choose to "opt in" to this case under the FLSA, 29 U.S.C. § 216(b).

26. The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

27. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

28. All potential opt-in plaintiffs are similarly situated as to the claims alleged in this Complaint because they were all employed by Defendants as servers at Dauphins located in Mobile, Alabama and were all subject to Defendants' policy of requiring servers to share tips with kitchen employees who are not customarily and regularly tipped employees, they were not informed of the tip credit provisions of 29 U.S.C. § 203(m); they were not paid the full minimum wage for performance of non-tip generating work; and they were not paid overtime compensation due for all hours worked over 40 in a work week.

29. Pursuant to 29 U.S.C. 216(b), Plaintiffs Tara Boothe and Jutta Mayland consent to sue as plaintiffs under the Fair Labor Standards Act. A copy of their consent to sue forms are attached hereto as Exhibit "A".

## COUNT I – MINIMUM WAGE VIOLATIONS (29 U.S.C. § 206)

30. Plaintiffs reallege and incorporate by reference Paragraphs 1-21 and 23-29, as if alleged fully herein.

31. During the Relevant Time Period, Defendants have willfully violated the FLSA, 29 U.S.C. § 201, *et seq.* by failing to pay Plaintiffs and other servers at Dauphins the minimum wage required by federal law by claiming the "tip credit" for which they are not eligible. This claim is brought on behalf of similarly situated individuals pursuant to 29 U.S.C. § 216(b).

**COUNT II– OVERTIME COMEPNSATION VIOLATIONS (29 U.S.C. § 207)**

32.     Plaintiffs reallege and incorporate by reference Paragraphs 1-16 and 22-29, as if alleged fully herein.

33.     During the Relevant Time Period, Defendants have willfully violated the FLSA, 29 U.S.C. § 201, *et seq.* by failing to pay Plaintiffs and other servers at Dauphins overtime compensation as required by federal law.  This claim is brought on behalf of similarly situated individuals pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a.     Conditional certification of this case pursuant to the FLSA, 29 U.S.C. § 216(b);

b.     Authorization to notify similarly situated employees of their right to opt in to this action under 29 U.S.C. § 216(b);

c.     An award of all damages for unpaid wages, improperly withheld tips and overtime compensation that are due to the Named Plaintiffs and all similarly situated employees under the FLSA;

d.     An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

e.     A finding that Defendants' violations of the FLSA have been willful and that, therefore, the statute of limitations is three years;

f.     Attorneys' fees and costs;

g.     Post-judgment interest; and

h.     An award of such other and further relief as this Court may deem appropriate.

Dated: July 19, 2019                    Respectfully submitted,

                                      /s/ Robert C. Epperson
                                      Robert C. Epperson
ASB-2575-O56R
ROBERT EPPERSON LAW OFFICE
P. O. Box 477
Foley, AL  36536-0477
(251) 943-8870
repperson@rcelaw.com

/s/ Sam J. Smith
Sam J. Smith (*pro hac vice* to be submitted)
Florida Bar No. 818593
Loren B. Donnell (*pro hac vice* to be submitted)
Florida Bar No. 013429
BURR & SMITH, LLP
111 2nd Avenue N.E., Suite 1100
St. Petersburg, FL 33701
(813) 253-2010
ssmith@burrandsmithlaw.com
ldonnell@burrandsmith.com

*Attorneys for Plaintiffs*