# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TARA BOOTHE, et al., | ) |
| | ) |
|         **Plaintiffs,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 1:19-00408-JB-N** |
| | ) |
| DAUPHINS, LLC, et al, | ) |
| | ) |
|         **Defendants.** | ) |

## ORDER APPROVING FAIR LABOR STANDARDS ACT SETTLEMENT, SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS

This matter is before the Court on the Parties' Joint Motion for Settlement Approval ("Motion") (Doc. 47), the Declaration of Sam J. Smith In Support of the Motion, and supporting exhibits thereto.

Upon review of the Motion and its attendant exhibits, and being fully advised as to the substance of this action, it is hereby **ORDERED**:

1. The Parties' Joint Motion for Approval of Settlement is granted and the Court hereby grants approval of the Release and Settlement Agreement, attached to the Declaration of Sam J. Smith In Support of the Motion as Exhibit 1 ("Settlement Agreement"), finding that its terms are fair, reasonable, and adequate, and that it constitutes a fair and reasonable resolution of a *bona fide* dispute under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. The Court acknowledges that the Settlement Agreement is not an admission by Defendants of wrongdoing. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement, may be construed as, or may

1

be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants.

3. Having reviewed Paragraphs 2, 3 and 6 of the Settlement Agreement, the Court hereby approves the monetary distributions and tax implications thereof as fair and reasonable, including as follows:

a. The Court hereby approves the Gross Settlement Fund payment of One Hundred Sixty-Five Thousand Dollars ($165,000.00) settlement. The proportion of the settlement allocated to the Plaintiffs, One Hundred and Six Thousand Dollars ($106,000.00) (the "Net Settlement Amount") represents a reasonable percentage of their lost wages as alleged by the Plaintiffs. The proposed allocation of the settlement among Plaintiffs is also reasonable. It reflects a proportion of alleged damages owed to Plaintiffs. Settlement avoids risks as to both liability and damages, and the settlement followed extensive informal discovery and arm's-length negotiations with the assistance of an experienced mediator.

b. Service payments in the amount of $2,000 to each of the Named Plaintiffs (Tara Boothe and Jutta Mayland) for a total of $4,000 for their work on behalf of the other Plaintiffs are approved. Service awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, the public nature of a collective action filing, and any other burdens they sustain. The Court finds the Named Plaintiffs protected the interests of the other opt-in Plaintiffs by taking actions that resulted in a substantial benefit. The Named Plaintiffs participated in a pre-suit investigation, provided information and documents crucial to establishing Plaintiffs' claims, and participated in informal and attended a full-day mediation on

behalf of all Plaintiffs. Accordingly, the Court approves service payments for Named Plaintiffs. The service payments shall be in addition to any other monetary benefits these Plaintiffs are to receive under the Agreement.

      c.    Plaintiffs' Counsel requests $55,000 as an award of fees, costs, and litigation expenses. Plaintiffs' Counsel's requested fee award and reimbursement of costs and litigation expenses is reasonable in light of the substantial benefit their efforts conferred on the Plaintiffs. The Court also recognizes the fee requested is less than Plaintiffs' Counsel's lodestar and that Plaintiffs' counsel will continue to provide consultations with the Plaintiffs during the distribution of the settlement proceeds and tax forms. Accordingly, Plaintiffs' Counsel's request for fees and costs is approved.

4.    Having reviewed Paragraph 12 of the Settlement Agreement, the Court hereby approves the language and scope of the Release and related procedural provisions therein as fair and reasonable in light of the claims in this litigation and the monetary distributions as discussed and approved in Paragraph 3, *supra*.

5.    In all other respects, the Parties' Settlement Agreement is approved and the Parties shall comply with the terms therein.

**DONE and ORDERED** this 30th day of June, 2020.

                                             /s/ JEFFREY U. BEAVERSTOCK
                                             UNITED STATES DISTRICT JUDGE